UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

DIRECT PHONE FIX LLC
d/b/a DIRECT PHONE FIX
and LAKESIDE BANK COMMUNITY
DEVELOPMENT, L.L.C.

    Defendants.

## COMPLAINT

Plaintiff, Ancel Montenelli, by and through his undersigned counsel, hereby sues Defendants Direct Phone Fix LLC and Lakeside Bank Community Development L.L.C. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

4. Anel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5. Defendant Direct Phone Fix LLC (also referenced as "Defendant Direct Phone Fix") is an Illinois limited liability company doing business as "Direct Phone Fix", a phone/electronics store. Defendant Direct Phone Fix is authorized to conduct, and is conducting business within the State of Illinois.

6. Defendant Direct Phone Fix owns and operates a chain of phone and computer repair stores called "Direct Phone Fix". On information and belief, at all times material hereto, Defendant Direct Phone Fix is the lessee of the real property located at 1604 W. August Boulevard Suite C2, Chicago, Illinois 60622 and operates one of its Direct Phone Fix stores at this location. The Direct Phone Fix store is the subject of this action and is also referred to as "Direct Phone Fix (store)," "repair store," "Subject Facility," and/or "place of public accommodation".

7. Defendant Lakeside Bank Community Development L.L.C. is an Illinois limited liability company, which is also referenced as "Defendant Lakeside Bank," "owner," (of the real property) or "lessor" (of the real property). Defendant Lakeside

Bank is authorized to conduct, and is conducting business within the State of Illinois and with the jurisdiction of this court.

8. At all times material hereto, Defendant Lakeside Bank is (and has been) the owner of the real property which is the Subject Facility which is delineated herein. At all times material hereto, Defendant Lakeside Bank has leased the Subject Facility to the lessee, Defendant Direct Phone Fix.

9. All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the real property and the business operated within the real property is located within the jurisdiction of this Court.

10. The Direct Phone Fix store is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F) because it is a repair store (which specializes in repairs of phones and electronic equipment) which is open to the general public.

**FACTS**

11. On September 13, 2015, at approximately 6:09 P.M. the Plaintiff personally visited the Direct Fix Phone store with the intention of getting his laptop computer repaired. The Plaintiff could not enter the place of business because of an obvious and clear barrier to entry, because there is a large step that has to be negotiated to gain entrance. This step (see photo below) creates a barrier, making entrance to anyone other than complete able body people to be impossible ( i.e. anyone who uses a walker, cane, scooter, or other mobile assistance).



12. The Plaintiff was denied full and equal access because the entrance to the repair store contained a step up to the main entrance which prohibited the Plaintiff's ability to enter (maneuver himself and his wheelchair) into the repair store. Hence, the Direct Fix Phone store is (and was) not readily accessible.

13. The Plaintiff left the Direct Phone Fix store embarrassed and humiliated over being unable to enter the place of public accommodation without assistance and unable to navigate himself and his wheelchair within the repair store. For verification and confirmation of Plaintiff's visit, see Exhibit A.

14. The Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Direct Phone Fix store, a place of public accommodation, **all in violation of the ADA, the law of the land for over 25 years**.

15. As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

16. Any and all requisite notice has been provided.

4

17. The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 herein above.

19. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

5

   discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

   42 U.S.C. §12101(a)(1)-(3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

   (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

   42 U.S.C. §12101(b)(1)(2) and (4).

22. Pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104, the Direct Phone Fix store is a place of public accommodation in that it is a repair store specializing in repairing phones and other electronic equipment which is open to the general public. As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

23. As the operator and lessee of a repair store, Defendant Direct Phone Fix is defined as a "Public Accommodation" within meaning of Title III because Defendant

6

Direct Phone Fix is a private entity which owns, leases, leases to others, or operates a repair store; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

24. Defendant Lakeside Bank is subject to the provisions 42 U.S.C. §12182, §12181(7)(F) and the Illinois Human Rights Act, as codified at 775 ILCS 5 because it is the owner and lessor (to others) of real property which contains a repair store, which the attendant business Direct Phone Fix is open to the general public and is a place of public accommodation. As such, the real property and the attendant business (Direct Phone Fix repair store) are both governed by the ADA, and must be in compliance therewith.

25. As the owner and lessor of the property which is operated as a repair store, Defendant Lakeside Bank is defined as a "Public Accommodation" within meaning of Title III because Defendant Lakeside Bank is a private entity which owns and/or leases to others a repair store which is open to the general public; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

26. The Defendant Lakeside Bank (as lessor and owner of the repair store) and Defendant Direct Phone Fix (as lessee and operator of the repair store) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the repair store, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182

et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Direct Phone Fix repair store.

28. Prior to the filing of this lawsuit, the Plaintiff personally visited the Direct Phone Fix store with the intention of patronizing the repair store (a place of public accommodation), but (as an individual with a disability who utilizes a wheelchair for mobility) has been denied adequate accommodation by virtue of being unable to gain access with the use of his wheelchair within the place of public accommodation and therefore suffered an injury in fact.

29. The Plaintiff continues to desire to patronize the Direct Phone Fix store and to have his computer repaired/serviced in the future, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the repair store, all in violation of the ADA.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain **civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.**

31. The place of public accommodation, which is owned by Defendant Lakeside Bank Community Development L.L.C. (lessor) and is in the possession and

daily operational control of Defendant Direct Phone Fix LLC (lessee), is in violation of 42 U.S.C. §12181 <u>et. seq.</u>, the ADA and 28 C.F.R. §36.302 <u>et. seq.</u>, and is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. Failure of the Defendants (jointly and severally) to provide an accessible entrance and failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

32. Upon information and belief, Defendant Lakeside Bank Community Development L.L.C. (as owner and lessor) and Defendant Direct Phone Fix LLC (as operator and lessee) are jointly and severally in violation of other provisions of the ADA at the place of public accommodation, and only once a full inspection is done can all said violations be identified.

33. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

34. Pursuant to the ADA, 42 U.S.C. §12181 <u>et seq.</u>, and 28 C.F.R. §36.304, the Defendants have been required to make the repair store (a place of public accommodation) accessible to persons with disabilities since January 28, 1992. To date, the Defendant Lakeside Bank Community Development L.L.C. (as owner and lessor) and Defendant Direct Phone Fix LLC (as operator and lessee) have jointly and severally failed to comply with this mandate.

35. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the repair store to make it readily accessible to, and useable by individuals with disabilities to the extent required by

9

the ADA, and closing the repair store Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Ancel Montenelli hereby demands judgment against Defendant Lakeside Bank Community Development L.L.C. (as owner and lessor) and Defendant Direct Phone Fix LLC (as operator and lessee) and request the following injunctive and declaratory relief:

    a)    The Court declares that the Subject Facility owned and leased by Defendant Lakeside Bank Community Development L.L.C. and operated, controlled, and/or administrated by Defendant Direct Phone Fix LLC (the lessee) is in violation of the ADA and order the Subject Facility to be closed to the public until such time that it is deemed by this Court to be accessible;

    b)    The Court enter an Order requiring Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner) and Defendant Direct Phone Fix LLC (as lessee and operator) to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    c)    The Court enter an Order directing Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner) and Defendant Direct Phone Fix LLC (as lessee and operator) to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner) and Defendant Direct Phone Fix LLC (as lessee

and operator) to undertake and complete corrective procedures to the Subject Facility;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

36. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 above.

37. The Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner) and Defendant Direct Phone Fix LLC (as lessee and operator) of a place of public accommodation have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

38. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

39. The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

11

40. Defendant Lakeside Bank Community Development L.L.C. is the owner of property which it leases to the Defendant Direct Phone Fix LLC who in turn operates the property as a repair store, which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(6).

41. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

42. The violations of Illinois law were deliberate and knowing.

43. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

**WHEREFORE,** Plaintiff Ancel Montenelli respectfully prays that this Court grant the following relief against Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner of a place of public accommodation in violation of 775 ILCS 5/8) and Defendant Direct Phone Fix LLC (as lessee and operator of a place of public accommodation in violation of 775 ILCS 5/8) including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a) A declaration that the Defendant Lakeside Bank Community Development L.L.C. (as lessor and owner) and Defendant Direct Phone Fix LLC (as lessee and operator) have owned and/or operated a place of public accommodation in violation of the ILHRA and have violated 775 ILCS 5 <u>et. seq</u> in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that Defendants undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendants expeditiously make all reasonable and appropriate modifications to the place of public accommodation to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 9th day of December, 2015.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Fla 33127
332 S Michigan Ave.
Suite 1032 - D673
Chicago, Il 60604
Tel: (786) 431-1333
Inbox@dininlaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

DIRECT PHONE FIX LLC
d/b/a DIRECT PHONE FIX
and LAKESIDE BANK COMMUNITY
DEVELOPMENT L.L.C.

    Defendants.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff Ancel Montenelli declares under penalty of perjury under the laws of the State of Illinois that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 12/4/15

_____
Anel Montenelli

**EXHIBIT "A"**